IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 16 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01628-BNB

JOSEPH M. FLOREZ, IV,

    Plaintiff,

v.

LT. MICK McCORMAC, Intel Investigator, Buena Vista Correctional Facility,
CAPT. TRACY COLEMAN, Shift Commander, Buena Vista Correctional Facility,
C.O. TIMOTHY EDMONDS, Corrections Officer, Buena Vista Correctional Facility,
CAPT. RICHARD FISHER, CO IV, West End Supervisor, Buena Vista Correctional Facility,
MAJOR WILLIAM BRUNELL, Badge #2241, Buena Vista Correctional Facility, and
ANTHONY A. DeCESARO, Grievance Officer, Office fo the Step 3 Grievance Officer, C.D.O.C.,
(Individually and in Their Offical Capacities),

    Defendants

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Joseph M. Florez, IV, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Colorado State Penitentiary in Canon City, Colorado. Mr. Florez initiated this action by filing a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

On August 5, 2010, Magistrate Judge Boland determined that the prisoner complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure, and failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Florez to file an amended prisoner

complaint within thirty days. Mr. Florez submitted an amended complaint on August 30, 2010.

The Court must construe the amended complaint liberally because Mr. Florez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Florez is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b)(1).

As background for his claims, Mr. Florez alleges that his Bible was confiscated during a search of his cell on February 29, 2008. He asserts that one day after the search, he received a Notice of Charges for a Code of Penal Discipline ("COPD")

hearing in relation to the confiscated Bible. Mr. Florez's Bible was apparently confiscated as contraband by Defendant Timothy Edmonds based on the fact that Mr. Florez had written the names and addresses of unknown persons on two pages inside the Bible. Mr. Florez alleges that his Bible was used as evidence during the subsequent COPD hearing, after which it was determined that he was not guilty of the charges brought against him. However, Mr. Florez complains that Defendant Mick McCormac failed to return the Bible to him after the hearing. Mr. Florez asserts that he has exhausted the administrative remedy process by filing grievances at every level, but that his Bible was never returned to him.

Mr. Florez asserts three claims in this action. First, he alleges that the search of his cell and subsequent confiscation of his Bible violated his Fourth Amendment right to be free from unreasonable search and seizure. Amended Complaint at 6. Second, he alleges that his Bible was confiscated in violation of his Fourteenth Amendment right to due process. *Id.* at 5-8. Finally, he alleges that his First Amendment right to practice his religion was violated because he did not have access to a Bible for approximately 138 days. *Id.* at 9-10.

With regard to Mr. Florez's first claim, "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). The Tenth Circuit Court of Appeals has noted that "prisoners are not protected under the Fourth Amendment from unreasonable searches of their prison cells or from the wrongful seizure of property contained in their cells because 'the Fourth Amendment does not establish a right to

privacy in prisoners' cells.'" *Rodriguez-Rodriguez v. United States*, 4 Fed. Appx. 637, 639 (10th Cir. 2001) (unpublished decision) (quoting *Hayes v. Marriott*, 70 Fed. Appx. 1144, 1146 (10th Cir. 1995) (finding that the prisoner plaintiff's Fourth Amendment claim arising from prison officials' search and seizure in his prison cell failed)). Therefore, Mr. Florez's claim that his Fourth Amendment rights were violated when his personal property was confiscated during a search of his cell is legally frivolous and must be dismissed.

Second, Mr. Florez's due process claim based on the confiscation and loss of his personal property also lacks merit. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "the United States Supreme Court has held that neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available). A prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy. *See id.* at 536 n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). The fact that Mr. Florez's administrative grievances were not successful, by itself, does not mean that the grievance procedure was not an adequate remedy. To the extent Mr. Florez may be arguing that the DOC grievance procedure

was not available to him because his grievances were ignored, the Court notes that Mr. Florez also has an adequate remedy available to him in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 33559709, at *15 (D. Colo. Aug. 25, 2010) (unpublished decision) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court."). Therefore, this due process claim is legally frivolous and also will be dismissed.

The Court also notes that Mr. Florez is suing Defendants Captain Tracy Coleman, Captain Richard Fisher and Grievance Officer Anthony A. DeCesaro because these Defendants allegedly are responsible for the constitutional violations committed by other individuals and because they denied administrative grievances filed by Mr. Florez. These allegations fail to establish the personal participation of Defendants Coleman, Fisher and DeCesaro. Mr. Florez was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The Tenth Circuit, moreover, has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed. Appx.

179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). Mr. Florez has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Florez fails to assert that Defendants Coleman, Fisher, and DeCesaro personally participated in violating his constitutional rights, Defendants Captain Tracy Coleman, Captain Richard Fisher, and Grievance Officer Anthony A. DeCesaro are improper parties to the action and will be dismissed.

Finally, Mr. Florez filed a "Motion to Dismiss Major William Brunell as a Named Defendant," on July 9, 2010, stating that he "can find no just cause to name Major William Brunell . . . as a Defendant in this matter." The Motion to Dismiss will be granted, and Defendant Brunell will be dismissed as a party to this action.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that the remaining First Amendment claim based on Mr. Florez's deprivation of access to a Bible does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. The only remaining Defendants are Lt. Mick McCormac and Timothy Edmonds. All other Defendants will be dismissed as parties to this action. Accordingly, it is

ORDERED that Plaintiff's first and second claims are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Defendants Captain Tracy Coleman, Captain Richard Fisher, and Grievance Officer Anthony A. DeCesaro are dismissed as parties to this action because the claims against them are legally frivolous. It is

FURTHER ORDERED that Plaintiff's "Motion to Dismiss Major William Brunell as a Named Defendant," filed on July 9, 2010 (Doc. # 5) is GRANTED. The Clerk of the Court is directed to remove Defendant William Brunell as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __16th__ day of __September__, 2010.

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01628-BNB

Joseph M. Florez, IV
Prisoner No. 129849
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed and copy of the **ORDER** to the above-named individuals on 9/16/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk